# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.

| | |
|---|---|
| DENISE BULLARD, as Administrator of the Estate of CRYSTAL MCMILLAN, <br><br> Plaintiff, <br> v. <br><br> CATAWBA COUNTY GOVERNMENT, DONALD G. BROWN, individually, JOHN and JANE DOE's 1-100, individually, and CATAWBA COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendant. | **COMPLAINT** |

## INTRODUCTION

This is a civil action for damages brought by Plaintiff, DENISE BULLARD, as Administrator of the Estate of CRYSTAL MCMILLAN, (hereinafter referred to as "Plaintiff"), against CATAWBA COUNTY GOVERNMENT, DONALD G. BROWN, JOHN and JANE DOE's 1-100, individually, and CATAWBA COUNTY SHERIFF'S DEPARTMENT. This lawsuit arises from the tragic and preventable death of CRYSTAL MCMILLAN, who was an inmate in a correctional facility under the defendants' management and care. Despite Defendant's legal and constitutional obligation to maintain the highest standard of care to protect the health, safety, and well-being of those in their custody, the defendants grossly failed in their duty. Dangerous and lethal drugs, which the defendants were responsible for preventing from entering the facility, made their way into the plaintiff's environment, ultimately resulting in her untimely death.

The defendants' gross negligence and wanton disregard for their responsibilities created conditions that allowed these substances to circulate within the facility. By failing to implement and enforce adequate safety measures, monitoring protocols, and preventive strategies, the defendants violated their duty to uphold the constitutional rights and safety of all inmates under their care. This lawsuit seeks to hold the defendants accountable for their actions and to ensure justice for the decedent and her family.

Accordingly, Plaintiff complains as follows:

## GENERAL ALLEGATIONS

1. This is a cause of action for damages in excess of twenty-five thousand dollars and 00/100 ($25,000.00), exclusive of attorney's fees, costs, and interest.

2. This Action is within the jurisdiction of this Court.

2. Plaintiff DENISE BULLARD is the duly appointed, qualified and acting administrator of the estate of CRYSTAL MCMILLAN, decedent, pursuant to order entered and letters of office issued by the Superior Court of Catawba County.

3. Plaintiff brings this action as administrator pursuant to and as authorized by the Wrongful Death Act, NCGS § 28A-18-2, for the benefit of the surviving spouse and next of kin of the decedent.

7. Upon information and belief, Defendants, CATAWBA COUNTY SHERIFF'S DEPARTMENT, and CATAWBA COUNTY GOVERNMENT, are government agencies for the State of North Carolina.

8. Upon information and belief, Defendants, DONALD G. BROWN, individually, and JOHN and JANE DOE'S 1-100, individually, are residents of North Carolina.

9. Defendants, JOHN and JANE DOE'S 1-100, individually, are individuals that acted, or omitted acts, that contributed to Plaintiff's alleged harm and damages.

## FACTUAL ALLEGATIONS

10. On or about July 10, 2023, Crystal McMillan, was an inmate at Catawba County Detention Center.

11. At the time of her incarceration, Ms. McMillan had a documented history of drug addiction.

12. Defendants knew, or should have known, of the Plaintiff's drug addiction.

13. Defendants had previously arrested, detained, and/or incarcerated Plaintiff for drug related charges.

14. Defendants did a medical exam, or should have done a medical exam, to determine Plaintiff's health condition, including whether she was actively addicted to any drugs.

15. Despite this knowledge, Defendants failed to provide the necessary medical and psychological care, particularly regarding her addiction.

16. Despite this knowledge, Defendants took no additional steps to protect her from the dangers of her drug addiction.

17. Defendants knew or should have known that fentanyl was readily available throughout Catawba county.

18. Defendants knew or should've known that fentanyl had been making its way into its premises that it managed and maintained.

19. Fentanyl, which is a substance known to be deadly and prevalent within the county, became accessible to Ms. McMillan and came into contact with her while under the care of Defendants and incarcerated in their premises.

20. This access and subsequent contact with fentanyl directly contributed to the death of Ms. McMillan.

21. Simply confirming Plaintiff's drug addiction and preventing fentanyl from reaching and contacting her would have saved her life and would have cost Defendants less than $1,000.

## CAUSES OF ACTION

### Negligence

22. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

23. Defendants had a duty to provide a safe environment, including a drug free environment and protection against drug abuse.

16. Defendants breached this duty by failing to provide adequate drug rehabilitation services and a secure environment.

### Negligent Assembly of Individuals

17. Defendants, despite their duty to exercise reasonable care in the assembly of competent individuals, negligently assembled individuals who were unfit for to protect, care, supervise, and conduct other acts, leading to a failure in providing the necessary supervision and care for inmates, including Plaintiff.

### Negligent Retention of the Assembly of Individuals

18. Defendants knew or should have known that they were not performing their duties to the standard required, particularly with respect to the care and supervision of inmates with medical conditions such as addiction, yet failed to take appropriate corrective action.

### Negligent Training

19. Defendants failed to provide adequate training to the individual defendants regarding the management and care of inmates with drug addictions, resulting in a lack of understanding and implementation of necessary protocols to prevent access to illicit substances such as fentanyl.

20. As a direct and proximate result of Defendants' negligent assembly of individuals, retention, and training, fentanyl was able to reach and contact Ms. McMillan, which directly contributed to her death.

21. Further, Defendants, were negligent in one or more of the following respects:

   i. Violation of Inmate Rights (N.C. Gen. Stat. § 148-4);
   ii. Failure to provide proper care and treatment for inmates, especially for those with known medical conditions such as addiction;
   iii. Violation of Health and Safety Regulations (N.C. Gen. Stat.143B-600);
   iv. Non-compliance with health and safety standards set for state correctional facilities;
   v. Violation of Controlled Substances Regulations (N.C. Gen. Stat. 90-95);
   vi. Allowing the presence and usage of controlled substances like fentanyl within the correctional facility;
   vii. Medical Negligence (N.C. Gen. Stat. 90-21.11);
   viii. Inadequate provision of medical care to an inmate with a known drug addiction;
   ix. Failure to Provide Adequate Medical Care;

x. Neglecting to provide necessary medical and psychological treatment for Crystal McMillan's known drug addiction;

xi. Lack of Supervision and Security;

xii. Failing to supervise Crystal McMillan adequately, given her addiction, and to maintain a secure environment that prevents access to illicit substances;

xiii. Not acting with the level of care and precaution required in a correctional facility, especially for inmates with special needs like addiction;

xiv. Inadequate Drug Rehabilitation Services;

xv. Not providing or facilitating necessary drug rehabilitation services for an inmate with a known addiction problem;

xvi. Allowing Access to Controlled Substances;

xvii. Failing to prevent the introduction and circulation of controlled substances like fentanyl within the prison, leading to access by an at-risk inmate;

xviii. Negligent Hiring and Training of Staff;

xix. Lack of adequate training or supervision of staff in handling inmates with addiction issues;

xx. Failure to Comply with Health and Safety Regulations;

xxi. Not adhering to the established health and safety standards mandated for correctional facilities, especially concerning drug control and inmate health care;

xxii. Defendants were otherwise negligent in such ways as may be shown at the trial of this action.

22. As a direct and proximate result of the of the negligence of the Defendants, Plaintiff, suffered injury resulting death, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care, loss of earnings, loss of ability to earn money, inconvenience, loss of insurability, loss of household services, loss of capacity to perform household services, and the losses are permanent and Plaintiff is entitled to past and future out-of-pocket losses.

### Wrongful Death

23. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

24. As a direct and proximate result of the of the negligence of the Defendants, Plaintiff, suffered injury resulting death, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care, loss of earnings, loss of ability to earn money, inconvenience, loss of insurability, loss of household services, loss of capacity to perform household services, and the losses are permanent and Plaintiff is entitled to past and future out-of-pocket losses.

### Punitive Damages

25. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. Defendants' actions, as described above, were not only negligent but were willful and wanton, and showed a reckless disregard for the safety and welfare of Crystal McMillan.

27. Such conduct by the Defendants rises to the level that justifies the imposition of punitive damages, as it demonstrates a conscious and intentional disregard for the

rights and safety of others, including Crystal McMillan, making it highly likely that substantial harm would result.

28. The Defendants' conduct was egregious and aggravated, and such conduct was the proximate cause of the death of Crystal McMillan.

29. Pursuant to N.C. Gen. Stat. 1D-15, Plaintiff seeks punitive damages because Defendants' conduct that caused Crystal McMillan's death was malicious, willful, and wanton, and carried out with conscious and reckless disregard for her rights and safety, which amounts to a qualifying factor under North Carolina law for the award of such damages.

30. The imposition of punitive damages is necessary to punish the Defendants for their egregious conduct and to deter similar conduct in the future, ensuring that other individuals do not suffer as Crystal McMillan did.

31. Plaintiff denies she was contributorily negligent (if such allegation is made by Defendants) and contends that the Defendants' gross negligence and willful conduct override any defense of contributory negligence that may be raised, as the Defendants' actions were the cause of Plaintiff's death.

**WHEREFORE**, Plaintiff demands judgment against defendants for damages plus costs but not limited to:

    a. reasonable attorney's fees pursuant to NCGS § 6-21.1 to be taxed to the Defendants;

    b. punitive damages;

    b. pre-judgment and post-judgment interest as allowed by law; and

    c. for such other and further relief as the Court deems just and proper.

## **TRIAL BY JURY**

Plaintiff demands trial by jury on all matters triable as of right.

This the 15 day of January 2025.

/s/ Brian E. Thompson
Brian E. Thompson
NCBN. 54316
Thompson Law Firm
301 N. Main St.
Suite 2449
Winston-Salem, NC 27101
P: 336.559.7530
F: 336.738.4859
E: Brian@ThompsonPersonalInjury.com
